UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIX BRIZUELA, | ) | CIVIL ACTION NO. 1:22-CV-1304 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DR. MARK JOHNSON, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

I.   INTRODUCTION

On August 19, 2022, Felix Brizuela lodged this *pro se* civil rights and employment action in the Middle District of Pennsylvania.

Plaintiff alleges that he resides in Harrison City, Pennsylvania. (Doc. 1, p. 1). Harrison City is located in Westmoreland County, Pennsylvania. Westmoreland County is in the Western District of Pennsylvania. 28 U.S.C. § 118(c).

Plaintiff alleges that Defendant Mark Johnson, M.D. is located in Morgantown, West Virginia. (Doc. 1, p. 1). Morgantown, West Virginia is located in Monongalia County, West Virginia. Monongalia County is located in the Northern District of West Virginia. 28 U.S.C. § 129(a).

The allegations set forth in an attachment to Plaintiff's complaint concern events that occurred while Plaintiff shared a medical office with Defendant Johnson in Morgantown, West Virginia. (Doc. 1-1, pp. 1-3).

For the reasons set forth below, this case will be TRANSFERRED to the United States District Court for the Northern District of West Virginia for further proceedings.

II.     DISCUSSION

This case is a federal civil action. In such cases, 28 U.S.C. § 1391(b) defines the proper venue, and provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In this case, with respect to Plaintiff's claims, a substantial part of the events or omissions giving rise to the claim appear to have taken place in Morgantown, West Virginia. The only named Defendant is located in the Northern District of West Virginia. Therefore, the proper venue for this case appears to be in the District Court for the Northern District of West Virginia.

"This court is permitted, *sue sponte*, to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity

to be heard on the issue." *Talbott v. Credit Acceptance Corp.,* No. 1:21-CV-1939, 2021 WL 5359284 at *1 (M.D. Pa. Nov. 17, 2021) (citing *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.") and *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)). In this case, through the filing of this memorandum, Plaintiff is placed on notice that this complaint does not appear to allege facts that would currently give rise to venue in this court.

When it appears that a case is being pursued in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406 and Rule 12(b)(3) of the Federal Rules of Civil Procedure. Second, a court may, in the interests of justice, transfer a case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

In this case, since venue appears to lie in the Northern District of West Virginia, in order to protect Plaintiff's rights as a *pro se* litigant, the court will order this case transferred to that district for further proceedings. Such a transfer order avoids any prejudice to Plaintiff that might flow from a dismissal of this action due to improper venue. *See Talbot*, 2021 WL 5359284 at *1 (citing *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965)). Addressing the current lack of venue in this

fashion does not constitute a ruling on the merits of Plaintiff's claims, thus assuring that Plaintiff can have this case heard on its merits in the proper forum. *Id.*

Finally, the Court notes that:

> A motion to transfer venue . . . involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *See Silong v. U.S.*, 5:05–CV–55–OC–10GRJ, 2006 WL 948048, at *1 n. 1 (M.D. Fla. April 12, 2006); *Blinzler v. Marriott Int'l, Inc.*, No. Civ. A. 93–0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); *O'Brien v. Goldstar Tech., Inc.*, 812 F.Supp. 383 (W.D.N.Y.1993); *Russell v. Coughlin*, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug. 19, 1992); *Hitachi Cable Am., Inc. v. Wines*, Civ. A. No. 85–4265, 1986 WL 2135 (D.N.J. Feb. 14, 1986). This is true "because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp., No. 94 Civ. AO535*, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

*Berg v. Aetna Freight Lines*, No. 07-1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008). Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. *See Franklin v. GMAC*, No. 13-0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013); *Holley v. Robinson*, No. 1:10-CV-585, 2010 WL 1837797 (M.D. Pa. Apr. 2, 2010).

III.     CONCLUSION

Accordingly, for the reasons set out in this memorandum, it is ORDERED that:

(1)   Plaintiff's case will be transferred to the Northern District of West Virginia pursuant to 28 U.S.C. § 1406(a).

(2)   An appropriate order will be issued.

Date: October 7, 2022                              BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge